UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM D. EATMON,
    Petitioner,

vs

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-741

Dlott, J.
Litkovitz, M.J.

**ORDER**

Petitioner, a prisoner in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, petitioner challenges his July 2012 conviction following a jury trial before the Scioto County, Ohio, Court of Common Pleas for "various drug offenses and possession of criminal tools stemming from a traffic stop where police seized Oxycodone from a vehicle [petitioner] drove." (*See* Doc. 1, at PAGEID#: 1, 18). In the petition, petitioner presents four grounds for relief. In Grounds One and Two, petitioner essentially claims a violation of his rights under the Fourth Amendment as a result of the search of the vehicle that was conducted by the police based on statements made by a confidential informant who allegedly lacked "reliability or trustworthiness." (*See id.*, at PAGEID#: 5, 7). In Ground Three, he claims that his appellate counsel was ineffective for failing to raise "num[]erous constitutional violations" on direct appeal. (*Id.*, at PAGEID: #8). In Ground Four, he contends that "multiple" errors occurred at trial which amounted to a violation of his rights to due process and equal protection under the Fourteenth Amendment. (*Id.*, at PAGEID#: 10). In the return of writ filed in response to the petition, respondent asserts as a defense that petitioner has waived all of his claims for relief as a

result of his procedural defaults in the state courts and that, in any event, the Fourth Amendment claims alleged in Grounds One and Two are not cognizable in this federal habeas proceeding. (*See* Doc. 5, at PAGEID#: 53-59).

This matter is now before the Court on the following motions filed by the petitioner in September 2014 *after* the return of writ was filed: motion for extension of time to file a "traverse" in response to the return of writ and "for respondent to provide the petitioner with a full and complete record of proceedings" (Doc. 6); motion for leave to file an "amended supplemental cause of action" (Doc. 9); and motion "to strike his second and fourth causes of action" (Doc. 11). Respondent has filed pleadings in response to petitioner's extension motion and motion for leave to file an "amended supplemental cause of action." (Docs. 7, 10).

Petitioner's motion for leave to strike the claims alleged in Grounds Two and Four of the petition (Doc. 11), which has not been opposed by respondent, is **GRANTED**. The only grounds for relief that now remain for adjudication by this Court are the claims alleged in Grounds One and Three of the petition.

In his motion for leave to file an "amended supplemental cause of action," petitioner requests that he be allowed to supplement his grounds for relief with a "New Rule" regarding warrant requirements that was announced on June 25, 2014 by the United States Supreme Court in *Riley v. California*, __ U.S. __, 134 S.Ct. 2473 (2014). (Doc. 9). Respondent has filed a reply to the motion, contending that *Riley* "does not affect the adjudication of this federal habeas case," and petitioner has filed a "traverse" responding to respondent's reply brief. (*See* Docs. 10, 12). Without deciding the merits of the issue that petitioner seeks to add as a supplement to his grounds for relief, his motion for leave to file the "amended supplemental cause of action" (Doc. 9) is **GRANTED**. The briefs that both parties have submitted on the issue shall be considered by

2

the Court in adjudicating the claims asserted in Grounds One and Three, which are the only grounds for relief that remain pending before the Court.

Finally, in his motion for extension of time (Doc. 6), petitioner requests additional time in which to file his traverse in response to the return of writ, which was filed on September 8, 2014 (*see* Doc. 5). Petitioner contends that "he cannot fully and properly respond to the affirmative defenses" raised by the respondent in the return of writ until the record is supplemented by respondent with a complete trial transcript; copies of the defense's discovery motions; the State's responses to the defense's discovery motions; statements by the police; a transcript of dispatch communications between various police officers; "[w]arrants, Bill of Particulars, Police reports, or evidence reports (state lab) results on evidence"; "[a]ll records that are relevant and material to the examination of the petitioner's cell phone"; and records of the confidential informant's cell phones. (*See* Doc. 6). Respondent opposes petitioner's motion to the extent that plaintiff is "asking for Respondent to 'complete' the record with trial transcripts, as well as what amounts to the state's Crim. R. 16 discovery information." (Doc. 7). Respondent contends that the present record is sufficient given that petitioner has procedurally defaulted his grounds for relief and that his Fourth Amendment claim is not cognizable in this federal habeas proceeding. (*Id.*, p. 1, at PAGEID#: 236).

Upon review of the record, although it appears that there may well be enough information in the present record for the Court to adjudicate the claims alleged in Grounds One and Three of the petition, inclusion of the trial transcript in the record would be helpful to the Court in assessing all of petitioner's arguments. Therefore, petitioner's motion (Doc. 6) is **GRANTED**, but only to the extent that (1) respondent is ordered to supplement the record with a copy of the trial transcript within thirty (30) days of the date of filing of this Order, and (2) petitioner is

permitted to file a "traverse" in response to the return of writ, as supplemented by the trial transcript, within twenty-one (21) days after the transcript is filed with the Court.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion for leave to strike the claims alleged in Grounds Two and Four of the petition (Doc. 11) is **GRANTED**. The only grounds for relief that now remain for adjudication by this Court are the claims alleged in Grounds One and Three of the petition.

2. Petitioner's motion for leave to file an "amended supplemental cause of action" (Doc. 9) is **GRANTED**. The Court shall consider the arguments asserted by petitioner in the supplemental pleading, together with the briefs submitted by both parties on the issue raised in petitioner's supplemental pleading, when adjudicating petitioner's remaining grounds for relief.

3. Petitioner's motion for extension of time and "for respondent to provide the petitioner with a full and complete record of proceedings" (Doc. 6) is **GRANTED**, but only to the extent that: (a) respondent is ordered to supplement the record with a copy of the trial transcript within thirty (30) days of the date of filing of this Order; and (b) petitioner is permitted to file a "traverse" in response to the return of writ, as supplemented by the trial transcript, within twenty-one (21) days after the transcript is filed with the Court.

Date: 2/23/15

Karen L. Litkovitz
United States Magistrate Judge